STATE OF MAINE
ANDROSCOGGIN, ss.

SUPERIOR COURT
CIVIL ACTION
DOCKET NO.  CV-25-

RICHARD BRUCKER, INDIVIDUALLY )
AND AS PERSONAL REPRESENTATIVE )
OF THE ESATE OF NANCY BRUCKER, )
                                )
        Plaintiff               )
                                )     **COMPLAINT AND DEMAND FOR**
v.                              )                **JURY**
                                )
HOME DEPOT U.S.A., INC,         )
                                )
        Defendant               )

## INTRODUCTION

1.      At the time of the product failure that led to this lawsuit, Nancy Brucker was 80 years old and weighed only 71 pounds.  She was frail and had difficulty sitting on the low toilet seat in the apartment she shared with her husband of over fifty years, Richard Brucker.

2.      To assist his wife, Richard purchased a Glacier Bay Adjustable Elevated Toilet Seat (hereinafter "Elevated Toilet Seat" or "Seat"), Store SKU # 1002042832, from Defendant Home Depot. He installed and maintained it according to the package directions.

3.      Unbeknownst to Nancy and Richard, however, the seat was dangerous, defective, and unfit for the purpose for which it was sold.  In fact, it was likely to become detached from the toilet and cause a serious risk of falling.  This risk was made worse when a person used the unit's Support Arms for their intended, foreseeable purpose: to provide support when getting on and off the toilet.

4.      Home Depot did not warn the Bruckers that the Glacier Bay Elevated Seat was unsafe, or that its Support Arms could not actually be used for support.

5.    On April 1, 2020, Ms. Brucker was seriously injured while trying to raise herself from the Elevated Toilet Seat while using the Support Arms. She fell forward onto the hard bathroom tile, fracturing her hip. This injury would strike a devastating blow on Nancy's health and ruin the quality of her last years with her husband.

6.    In this lawsuit, Plaintiff Richard Brucker, on behalf of his deceased wife, sues Home Depot for strict product liability, negligence, failure to warn, and breach of warranty. On behalf of himself, he sues for loss of consortium.

## PARTIES, JURISDICTION, AND VENUE

7.    At all times material herein, Plaintiff has been a resident of the Town of Lewiston, County of Androscoggin, and State of Maine.

8.    Upon information and belief, Defendant Home Depot U.S.A., Inc. (hereinafter "Defendant" or "Home Depot") is a Delaware Corporation with its principal place of business in Georgia. At all relevant times, Home Depot has engaged in commerce in the State of Maine, including by selling its defective product at issue in this lawsuit to Plaintiff for use in the State of Maine.

9.    The Court has jurisdiction over this action pursuant to 4 M.R.S.A. § 105.

10.    Venue is proper in accordance with 14 M.R.S.A. § 501 because the controversy arises in Androscoggin County.

## FACTS

11.    The Glacier Bay Elevated Toilet Seat raises the sitting position of a common toilet by approximately four inches. It is molded from plastic and includes Support Arms on either side of the seat to assist its user in getting on and off the toilet. This is a photo showing the configuration of the Glacier Bay Elevated Toilet Seat in the Brucker's bathroom:

2



**The Glacier Bay Elevated Toilet Seat**

12.    To install the Elevated Toilet Seat, an adjustment knob is rotated clockwise, moving a rubber-padded bracket outward toward the inner toilet bowl rim. As the adjustment knob turns, tension increases between the bracket and the inner toilet bowl. This tension is intended to hold the seat in place.

13.    Mr. Brucker purchased the Glacier Bay Elevated Toilet Seat from Home Depot to help his beloved wife of over fifty years, Nancy, get on and off the toilet. Already slight of frame, she had grown frailer over time, and the lower seat of their toilet was difficult for her to use.

14.    A retired Coast Guard Engineer, Richard was meticulous in maintaining and installing the seat according to its directions.

15.    Unfortunately, however, the Elevated Toilet Seat was defectively designed and not safe for its intended and foreseeable use. Due to failures in its design, it was prone to becoming

3

detached from the toilet, causing a risk of falling. This risk was greater in the predictable situation where a person relied on the Support Arms to get in and out of the seat.

16.    It was entirely foreseeable that a reasonable user would use the Support Arms to assist with getting in and out of the Glacier Bay Elevated Toilet Seat. What is more, it was entirely foreseeable that a person might exert uneven pressure on the Support Arms when getting in and out of the seat, which could make the risk of detachment even greater.

17.    At the time the Glacier Bay Elevated Toilet Seat was designed, marketed, and sold, it was possible to design a device which would avoid these risks.  For example, the toilet seat could include brackets or tabs which inhibit upward motion, and stronger and more durable adhesives were readily available.

18.    When Ms. Brucker used the toilet seat on April 1, 2020, the risks caused by its unsafe design and marketing came to pass. The rubber pad became de-bonded from the bracket, and when she tried to raise her 70-pound frame from the seat, the seat separated from the toilet. She tumbled forward to the floor and broke her hip.

19.    Mr. Brucker heard a loud sound and ran to help. When he arrived, he saw her on the floor with the seat on top of her. He observed that the rubber pad which was meant to hold the bowl to the seat had become detached, and was floating in the toilet bowl.



*De-bonded pad and adjustment bracket*

20.     Ms. Brucker sustained serious and permanent injuries from the fall, including a fractured hip.

## COUNT I

## <u>DEFECTIVE DESIGN & FAILURE TO WARN</u>

21.     Plaintiff realleges and incorporates by reference the allegations contained in the above Paragraphs of this Complaint as though fully set forth herein.

22.     At all times material herein, Defendant Home Depot was, throughout the United States, in the business of marketing and selling Glacier Bay Adjustable Elevated Toilet Seats.

23.     At the time that the Glacier Bay Elevated Toilet Seat was manufactured and placed into the stream of commerce, it was defective and unreasonably dangerous, beyond the contemplation of the ordinary consumer, because the adhesive used on the rubber padded bracket was wholly inadequate.

24.    The Glacier Bay Elevated Toilet Seat was designed in a manner which created a foreseeable danger to its users because it could become unstable and fully attached through normal, foreseeable, and intended use.

25.    At the time the Glacier Bay Elevated Toilet Seat was manufactured and sold, it was defective and unreasonably dangerous to those using it, including Ms. Brucker, in one or more of the following ways:

    a.  It incorporated design defects, such as inadequate retention tabs and inadequate adhesives, which made it likely to become unstable and detached;

    b.  It was not safe for use for the purposes it was reasonably designed and intended, because it could become detached when a user put pressure on the Support Arms;

    c.  The risk that a person would put pressure, including uneven pressure, on the Support Arms was foreseeable and predictable;

    d.  The risk of injury caused by the pressure applied to the Support Arms, and the likelihood that such pressure would be applied or would be applied unevenly, was or should have been known to Defendant;

    e.  It was possible to design a device which would not put the user at risk of injury;

    f.  Other defects and instances of unreasonably dangerous conditions to be shown at trial.

26.    The defective and unreasonably dangerous condition of the Glacier Bay Elevated Toilet Seat was the proximate cause of Ms. Brucker's severe injuries.

27.    As a result, Ms. Brucker suffered disability, disfigurement, hospitalization, treatment by physicians, medications, pain and inconvenience, loss of enjoyment of life,

interference with regular activities, embarrassment, mental anguish, and depression and anxiety, all to Plaintiff's economic and non-economic loss in an amount to be determined by the jury at trial in accordance with the law.

## COUNT II

## FAILURE TO WARN

28.    Plaintiff realleges and incorporates by reference the allegations contained in the above Paragraphs of this Complaint as though fully set forth herein.

29.    At all times material herein, Defendant Home Depot was, throughout the United States, in the business of marketing and selling Glacier Bay Adjustable Elevated Toilet Seats.

30.    At the time the Elevated Toilet Seat was manufactured and placed into the stream of commerce, its warning was deficient and unsatisfactory, beyond the contemplation of the ordinary consumer, because it failed to adequately warn that the Seat would separate from the toilet to which it is affixed.

31.    The warnings provided did not adequately communicate the danger of the unit tipping and the fact that it could not be used for reasonable and foreseeable purposes: namely, that the Support Arms were not actually safe to use for support.

32.    The risk of injury caused by using the Support Arms for support when using the product was or should have known by Defendant.

33.    The deficient warning was the proximate cause of Plaintiff's severe injury.

34.    As a result, Ms. Brucker suffered disability, disfigurement, hospitalization, treatment by physicians, medications, pain and inconvenience, loss of enjoyment of life, interference with regular activities, embarrassment, mental anguish, and depression and anxiety,

7

all to Plaintiff's economic and non-economic loss in an amount to be determined by the jury at trial in accordance with the law.

## COUNT III

## BREACH OF EXPRESS & IMPLIED WARRANTIES

35. Plaintiff realleges and incorporates by reference the allegations contained in the above Paragraphs of this Complaint as though fully set forth at length herein.

36. At all times material herein, Defendant Home Depot was, throughout the United States, in the business of marketing and selling Glacier Bay Adjustable Elevated Toilet Seats.

37. Ms. Brucker relied on Defendant's warranties and representations that the Elevated Toilet Seat was merchantable, fit and safe for the ordinary and practical purposes for which it was sold, and that it was free from defects.

38. The Elevated Toilet Seat was not merchantable, fit, or safe for the ordinary and practical purposes for which it was sold, nor was it free from defects. In fact, its Support Arms were not safe to use for support, especially in the foreseeable circumstance where the forces applied on each handle were not completely equal.

39. Defendant breached its warranties and representations because the Elevated Toilet Seat failed to conform to the warranties and representations upon which Plaintiff relied.

40. Defendant's breach of its warranties and representations about the Elevated Toilet Seat proximately caused the injuries and damages to Plaintiff.

41. Defendant's breach of warranties and representations was a substantial factor in proximately causing Ms. Brucker to suffer severe injuries requiring medical care. As a result of the injuries, Ms. Brucker suffered disability, disfigurement, pain and inconvenience, loss of enjoyment of life, interference with usual and regular activities, embarrassment, mental anguish,

depression and anxiety. All of these are to Plaintiff's non-economic loss in an amount to be determined by the jury at trial in accordance with the law.

42.    Because of the described injuries, Ms. Brucker required hospitalization; treatment by physicians, nurses, and therapists; medications; past medical expenses; and any other economic loss to be proven at trial. All of these are to Plaintiff's economic loss in an amount to be determined by the jury at trial in accordance with the law.

## COUNT IV

## <u>NEGLIGENCE</u>

43.    Plaintiff realleges and incorporates by reference the allegations contained in the above Paragraphs of this Complaint as though fully set forth herein.

44.    Defendant owed a duty to Plaintiff to distribute and sell the Elevated Toilet Seat in a manner that was safe for its intended or unintended and foreseeable uses and a duty to warn Plaintiff of the defective and dangerous condition of the Seat, including the likelihood of injury occasioned by use of the support arms for support.

45.    Defendant was aware, through returned product sales and customer complaints, of that the Elevated Toilet Seat was unsafe for its intended use, and that it was likely to become detached and cause a serious danger.

46.    Defendant breached this duty to Plaintiff and was negligent in one or more of the following ways:

    a.    Designing and manufacturing the Elevated Toilet Seat in a manner which was foreseeably dangerous to its users;

    b.    Failing to provide adequate safeguards to prevent Plaintiff's injury;

    c.  Failing to adequately test and inspect the Elevated Toilet Seat to ensure that it complied with user expectations and was safe for use in foreseeable and predictable circumstances;

    d.  Failing to provide adequate warnings and instructions to advise users of the dangers of the device;

    e.  Failing to provide reasonable post-sale warnings and instructions to advise users of the dangers of the device; and

    f.  Such other acts of negligence as may be determined through discovery and/or proven at trial.

47.    Defendant knew, or should have known, that any of the foregoing acts or omissions would create a foreseeable, unreasonable risk of harm to users of the Seat, including Ms. Brucker.

48.    The negligence of Defendant in one or more of the foregoing was a substantial factor in proximately causing Plaintiff to suffer severe injuries, requiring medical care. As a result of the injuries, Plaintiff suffered disability, disfigurement, hospitalization, treatment by physicians, medications, pain and inconvenience, loss of enjoyment of life, interference with regular activities, embarrassment, mental anguish, and depression and anxiety, all to Plaintiff's economic and non-economic loss in an amount to be determined by the jury at trial in accordance with the law.

## COUNT V

## <u>LOSS OF CONSORTIUM</u>

*brought by Richard Brucker*

49.    Plaintiff realleges and incorporates by reference the allegations contained in the above Paragraphs of this Complaint as though fully set forth herein.

50. At all material times, Richard and Nancy Brucker were husband and wife.

51. As a result of the aforesaid conduct of the Defendant, Richard Brucker suffered the loss of care, comfort, society, and companionship of his wife, Nancy Brucker.

52. As a consequence of the Defendant's wrongful conduct, Defendant is liable to Plaintiff Richard Brucker for loss of consortium in an amount to be determined together with interest and costs.

\* \* \*

WHEREFORE, Plaintiff Richard Brucker, as Personal Representative of the Estate of Nancy Brucker and on his own behalf, requests judgment against Defendant for fair and reasonable compensation for losses for noneconomic damages in an amount to be determined at trial, economic damages for past medical expenses in an amount to be determined at trial, medical expenses, loss of consortium, and costs and disbursements incurred.

## **DEMAND FOR JURY TRIAL**

Plaintiff demands a trial by jury on all issues in this Complaint.

Dated at Portland, Maine this 28th day of February 2025.

Kendi Dykema, Esq, Bar No. 011161
Alexis Garmey Chardon, Esq. Bar No. 5932
Garmey Law
482 Congress Street, Suite 402
Portland, Maine 04101
Telephone: (207) 899-4644
achardon@garmeylaw.com
*Counsel for Plaintiff*

11